## JACK GREER v. STATE.

No. A-9981.   April 23, 1942.

(125 P. 2d 225.)

Burton & Harper, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Jack Greer, was charged in the county court of Comanche county with the crime of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 180 days in the county jail and pay a fine of $500, and has appealed.

It is contended, first, that the evidence is insufficient to sustain a conviction; second, that the punishment as-

sessed is excessive and rendered by the jury because of passion and prejudice created by improper argument of the county attorney.

The proof of the state shows that certain officers of Comanche county, armed with a search warrant, went to the building described in the search warrant for the purpose of searching it. That, as some of the officers started around the building to the rear to enter it, they ran into a negro porter with some bottles of whisky in his hands, which were seized by the officers. The officers entered the building and found a bar where drinks could be served, several whisky glasses and mixers. A pitcher was setting in a sink and bore the odor of whisky. There were several juices found in the refrigerator which the officers testified were such as are commonly used in the mixing of drinks which contain intoxicating liquor. No whisky was found in the building. Just outside of the building, in the grass near the fence, four pints of whisky were found. Several yards away 24 pints of whisky were found. This latter whisky was across the fence in another enclosure, but there were no other buildings in the block except the building which was being operated by the defendant. Defendant was present, in active charge of operating the business, and admitted to the officers that he had leased it from the owner. There was a sign tacked upon the north wall of the building, which read:

"Notice. Effective July 1st. Federal liquor taxes have been increased to help meet a national emergency. * * * 30 Our prices have been raised accordingly. We are not profiteering."

It is the contention of the defendant that there is not sufficient proof to show the defendant was actually in possession of the liquor which was found on that occasion. It is our opinion, however, after a review of this

evidence, that the circumstances are sufficient to sustain the conviction.

All of the argument of the county attorney is included in the record. Counsel for defendant objected to the argument presented by the county attorney and moved for a mistrial because of prejudicial statements he had made.

It would unduly lengthen this opinion to attempt to set forth the entire argument of the county attorney, but it consisted of an appeal to the jury to give the defendant the maximum penalty, because it was the first case on the docket and was the first whisky case to be tried since the Fort Sill encampment was located at Lawton, and that he, the county attorney, wanted the jury to make an example of the defendant so that there would be no selling of whisky to the young soldiers who were coming to Lawton.

It is evident that the punishment, which is the maximum that may be assessed in a liquor case, was reached by reason of the appeal made by the county attorney. All of the statements of the county attorney concerning the young soldiers in the encampment, and that a person had been killed on the highway by a young soldier who was full of whisky, were wholly outside of the record and should not have been made.

It is proper for the county attorney to prosecute criminal cases vigorously, but he should not press upon the jury any deductions from the evidence that are not reasonably legitimate. The argument herein was largely an appeal to the prejudice and passion of the jury.

It is our conclusion that because of the inflammatory and prejudicial argument of the county attorney, the verdict of the jury and the judgment pronounced thereon is excessive and should be modified.

We hold no sympathy for the defendant. The sign hereinabove referred to which was tacked on the wall of his place of business shows a positive disregard for the laws of our state. However, the law demands no victims, and where it is evident that the punishment assessed was largely arrived at because of passion or prejudice engendered in the case, it becomes our duty to fix such punishment as is commensurate with the facts disclosed by the record.

It is ordered that the judgment of the county court of Comanche county be reduced from a sentence of 180 days in the county jail and a fine of $500 to a sentence of 60 days in the county jail and a fine of $200, and the judgment and sentence, as thus modified, is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.