# JACK GREER v. STATE.

No. A-10041.   Sept. 2, 1942.
(128 P. 2d 1018.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Jack Greer, was charged in the county court of Stephens county with the unlaw-

ful transportation of intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $300, and has appealed.

It is first contended that the court erred in overruling the motion to suppress the evidence of the state for the reason that the proof showed that the search of defendant's automobile and seizure of the liquor in question was unlawful.

Only two witnesses testified in the presentation of the motion to suppress. The arresting officer testified that he saw the defendant coming up one of the principal streets of the city of Duncan at a speed which he estimated to be in excess of 50 miles per hour. That he pursued defendant through the streets of the city of Duncan and finally stopped him about ten blocks away after the defendant had started out on highway 81 northwest of the city. That he pursued the defendant because of his reckless and fast driving, but that when he stopped defendant's automobile and approached it he smelled and saw liquor dripping from the car underneath the turtleback. That he arrested defendant, took him to the county jail, and, after reporting to the county attorney, he and a deputy sheriff searched the automobile and found 679 pints and 144 half-pint bottles of whisky. That several bottles of the whisky had been broken, which was causing the liquor to drip through the turtle-back, and it was this liquor which the officer smelled as he approached the automobile.

Defendant testified in support of his motion to suppress that he never drove over 20 miles per hour; that there was considerable traffic on main street and that it would have been impossible, due to traffic, for him to have driven at the rate of speed and in the manner

described by the highway patrolman. That there was no liquor dripping out of his car and none could be smelled.

A disputed question was thus presented to the court for his consideration. Under the testimony of the arresting officer an offense was committed in his presence and it was not necessary to have a search warrant to search the automobile after the arrest of the defendant. The court heard the two witnesses and by his ruling it is evident that he came to the conclusion that the officer was telling the truth about the facts surrounding the arrest of defendant and seizure of the whisky. There is nothing in the record that would justify this court in reversing the trial court in his ruling upon this question.

It is next contended that error was committed because of the repeated statement in the argument of the assistant county attorney and the county attorney whereby they referred to the defendant as being in the whisky running business on a big scale.

This court has repeatedly held that the county attorney has the right to draw his deductions and conclusions from the evidence, and unless his argument is such that it arouses the passion and prejudice of the jury to the extent that they would be swayed from arriving at a just verdict, the judgment will not be set aside on appeal.

We have examined carefully the excerpts from the argument of the prosecution which are set forth in the record. We think the statements of the county attorney were justified from the evidence. The defendant was caught with over 700 pints of whisky. With such a state of facts proven it could hardly be said that it was an unreasonable inference that defendant was in the whisky running business on a big scale. Furthermore, the ver-

dict of the jury is not so large that this court could conclude that its verdict was tainted by prejudice and passion aroused by the argument of the county attorney. There is no merit to this contention.

It is contended that the court erred in the giving of certain instructions. Nowhere in the brief of defendant does he point out wherein these instructions are indefinite or misleading and no authorities are cited to sustain his contentions. We have examined the instructions complained of, together with all of the other instructions, and find that they fairly state the law of the case. It is true, as contended by defendant, that instruction No. 8, which reads: "You are further instructed, gentlemen of the jury, that under the law of this state a search is legal when made under authority of proper search warrant or when the defendant is properly under arrest for the violation of the law committed in the presence of the arresting officer", should not have been given, as the question of the legality of the search was a matter for determination of the trial court and was a matter which the trial court did determine in the hearing on the motion to suppress which was presented prior to the commencement of the trial. However, we can not see where this instruction prejudiced the defendant in any manner.

Lastly, it is contended that the punishment assessed is excessive and the result of passion and prejudice. In the recent case of Greer v. State, 74 Okla. Cr. 286, 125 P. 2d 225, where this same defendant had been convicted, we did modify the judgment and sentence from the maximum to 60 days in the county jail and a $200 fine. In that case, however, the officers only found 24 pints of whisky and the proof against the defendant was wholly circumstantial. In the instant case an enormous amount

of whisky was found in the possession of defendant. No proof was offered in his behalf and the 60-day jail sentence and $300 fine is certainly very moderate punishment to mete out to such an offender.

There is no material error in the record which would require a reversal, and the judgment and sentence of the county court of Stephens county is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.